————o————

## No. 5500.

## MRS. E. K. MOSS, EX., vs. HAKENJOS PIANO COMPANY, LIMITED.

### Syllabus.

1. One who, with the sanction of the Court, has issued execution against the defendant on the ground that the bond given was not sufficient for a suspensive appeal, cannot afterwards be allowed to claim that the surety is responsible for the judgment as if the appeal had been good as a suspensive one.

2. The surety on a bond given for a devolutive appeal is liable only for the costs of appeal and those of the lower Court.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 92,682, Hon. F. D. King, Judge.

Dinkelspiel, Hart & Davey, for plaintiff and appellant.

Burns & Pratt, for defendant and appellee.

H. H. Price, attorney.

His Honor HORACE L. DUFOUR, rendered the opinion and decree of the Court, as follows:

— 7 —

The plaintiff appeals from a judgment discharging a rule taken by her on Louis P. Hakenjos to show cause why judgment should not be rendered against him as surety on the appeal bond for a sum of about $1,525.00.

After judgment in the main suit, Hakenjos signed as surety an appeal bond and the plaintiff, deeming the bond insufficient for a suspensive appeal, took a rule to show cause why execution should not issue on the judgment.

This rule was made absolute and application made to this Court for writs of mandamus and prohibition were refused.

Execution issued against the property of the debtor not having realized funds sufficient to pay the whole judgment, the present rule was taken to seek to hold the surety for the balance.

In dismissing the rule, the trial Judge said:

"Considering the bond signed by the surety in this case was good and sufficient under the law for a devolutive appeal only, and it was so held by this Court and the Court of Appeal, and that it was considered to be and was treated as a devolutive appeal bond by mover in this Court and the Court of Appeal, the said rule to make the surety liable for the amount of the judgment rendered herein on the ground that the surety had signed a suspensive appeal bond is discharged."

The conditions of a suspensive appeal bond are that the appellant shall prosecute his appeal and that he shall satisfy whatever judgment may be rendered against him on appeal; it stands to reason that had the appeal been good as a suspensive one execution could not have issued. The appeal was not prosecuted and not perfected because of appellee's hindrance.

The plaintiff cannot be allowed to blow hot and cold as interest may suggest.

— 8 —

The only costs for which the surety on a devolutive appeal bond is liable are those of the lower Court, and those of appeal; hence the judgment is correct. **C. P., 578.**

Judgment affirmed.

Opinion and decree, November 25th, 1912.

Application for rehearing discontinued December 23rd, 1912.